**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **DAVE GOEHST**, on behalf of himself and on behalf of all other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>**EMPOWER GROUP PARTNERS INC.**,<br><br>Defendant. | Case No. 1:26-cv-03264-NCM-JAM<br><br>**CLASS ACTION** |
| **JASON RUSSELL**, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**EMPOWER GROUP PARTNERS INC.**,<br><br>Defendant. | Case No. 1:26-cv-03308<br><br>**CLASS ACTION** |
| **JAMES BALDWIN**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**EMPOWER GROUP PARTNERS INC.**,<br><br>Defendant. | Case No. 1:26-cv-03311<br><br>**CLASS ACTION** |

**PLAINTIFFS' MOTION TO CONSOLIDATE CASES AND**
**APPOINT INTERIM CO-LEAD COUNSEL**

## TABLE OF CONTENTS

ARGUMENT ....- 1 -

I. CONSOLIDATION IS APPROPRIATE ....- 1 -

II. THE COURT SHOULD APPOINT INTERIM CO-LEAD COUNSEL ....- 2 -

A. The Work Counsel Has Done ....- 3 -

B. Counsel's Experience and Knowledge ....- 4 -

Israel David of Israel David LLC ....- 5 -

Mariya Weekes of Milberg, PLLC ....- 7 -

Courtney Maccarone of Kopelowitz Ostrow P.A. ....- 11 -

CONCLUSION ....- 13 -

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*In re Arthur J. Gallagher Data Breach Litig.*,
631 F. Supp. 3d 573, 586 (N.D. Ill. 2022) .................................................................. 10

*In re Blackbaud, Inc., Customer Data Breach Litig.*,
No. 3:20-MN-02972-JMC, 2021 WL 2718439, at *1 (D.S.C. July 1, 2021) .......................... 10

*In re Facebook, Inc., IPO Securities & Derivative Litig.*,
288 F.R.D. 26, 34 (S.D.N.Y. 2012) ........................................................................... 1

*Johnson v. Celotex Corp.*,
899 F.2d 1281, 1284-85 (2d Cir. 1990) ...................................................................... 1

*Kaplan v. Gelfond*,
240 F.R.D. 88, 91 (S.D.N.Y. 2007) ........................................................................... 1

*Webb v. Injured Workers Pharmacy, LLC*,
72 F.4th 365 (1st Cir. 2023)..................................................................................... 10

**Rules**

Fed. R. Civ. P. 23(g) ........................................................................................... 1

Fed. R. Civ. P. 23(g)(1)(A) .................................................................................... 3

Fed. R. Civ. P. 23(g)(1)(B) .................................................................................... 3

Fed. R. Civ. P. 23(g)(3).......................................................................................... 2

Fed. R. Civ. P. 42(a) ............................................................................................. 1

**Other Authorities**

Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLs* 3C (2d ed. 2018)........................................................................................ 3

Manual for Complex Litigation § 10.21 (4th ed. 2004)................................................................ 2

Plaintiffs Dave Goehst, Jason Russell, and James Baldwin (collectively, "Plaintiffs") request that the above matters be related and consolidated pursuant to Fed. R. Civ. P. 42(a), and that the first-filed *Goehst* action be designated the lead case for these consolidated matters. Further, Plaintiffs request that the Court appoint Israel David of Israel David LLC, Mariya Weekes of Milberg, PLLC, and Courtney Maccarone of Kopelowitz Ostrow, P.A., as Interim Co-Lead Class Counsel ("Proposed Interim Co-Lead Counsel") pursuant to Federal Rule of Civil Procedure 23(g). Moreover, Plaintiffs request that the Court set a schedule of 30 days for Plaintiffs to file a single consolidated amended complaint ("CAC") after an entry of an order consolidating the Related Actions and appointing leadership.

## ARGUMENT

### I. CONSOLIDATION IS APPROPRIATE.

The above-mentioned three class actions have been filed in the United States District Court for the Eastern District of New York against Defendant Empower Group Partners Inc. ("Defendant"). Each action seeks to hold Defendant responsible for an alleged data breach (the "Data Breach") that compromised Plaintiff and Class Members' sensitive personally identifiable information ("PII" or "Private Information").

This Court has discretion to consolidate any matters involving common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007). "Consolidation is appropriate in order to serve the interests of 'judicial economy' and 'to avoid unnecessary costs or delay.'" *In re Facebook, Inc., IPO Securities & Derivative Litig.*, 288 F.R.D. 26, 34 (S.D.N.Y. 2012) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)).

The three cases to be consolidated arise from the same questions of law and fact: each arises from the same event, involving alleged exposure of Private Information maintained by Defendant, each name the same Defendant, and each asserts similar theories of Plaintiffs' and putative Class Members' entitlement to relief. Plaintiffs believe that consolidating the cases will serve the interests of convenience, judicial economy, and cost reductions, and will not risk prejudice to any party. In particular, consolidation will allow for coordinated motion and discovery practice as well as trial proceedings.

Accordingly, Plaintiffs respectfully request that the above matters be consolidated and that the *Goehst* action be designated the lead case for these consolidated matters.

Plaintiffs' counsel have met and agree to consolidation and appointment. Defendant's counsel has yet to enter an appearance in either of the Related Actions.

## II. THE COURT SHOULD APPOINT INTERIM CO-LEAD COUNSEL.

Plaintiffs, individually and on behalf of all others similarly situated, hereby move this Court under Federal Rule of Civil Procedure 23(g)(3) for an order appointing Mr. David, Ms. Weekes, and Ms. Maccarone as Proposed Interim Co-Lead Counsel.

Together, the Proposed Interim Co-Lead Counsel represent the combined experience, talents, and resources of recognized and successful data breach attorneys in the United States with a demonstrated commitment to "fulfill their obligations as advocates in a manner that will foster and sustain good working relations among fellow counsel and with the court." *See* Manual for Complex Litigation § 10.21 (4th ed. 2004). Proposed Interim Co-Lead Counsel should be appointed based on their extensive knowledge, experience, and recognition in class action litigation, and, specifically, data breach litigation.

Collectively, Proposed Interim Co-Lead Counsel and their partners have led hundreds of data breach class actions, including dozens of class actions in New York and elsewhere. The group

includes attorneys who have thoroughly investigated and analyzed the merits of the case prior to and since filing their own complaints. Together, Proposed Interim Co-Lead Counsel can readily manage this important litigation and work towards a just, speedy, and efficient resolution in a cooperative manner, including with defense counsel, as they have done in numerous other cases.

Pursuant to Federal Rule of Civil Procedure 23(g)(1)(A), in determining an interim class leadership appointment, the Court "must consider (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). In appointing a class action leadership team, the Court should not only "ensure that the lawyers appointed to leadership positions are capable and experienced" but also "that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds." *See* Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLs* 3C at 38 (2d ed. 2018) ("Duke Guidelines").[1] These factors all support Plaintiffs' proposed leadership structure for this consolidated case.

**A. The Work Counsel Has Done.**

Prior to filing their complaints, Proposed Interim Co-Lead Counsel each separately conducted a thorough and independent investigation of the Data Breach that gave rise to the related actions. Those investigations included, among other things: (i) investigating the facts surrounding the Data Breach; (ii) interviewing individuals potentially impacted by the Data Breach; (iii)

[1] Although the Duke Guidelines specifically address multi-district litigation, they are informative in a case such as this one.

researching legal claims; (iv) reviewing and analyzing the value of PII and the effects of its unauthorized disclosure; (v) filing initial pleadings; and (vi) organizing Plaintiffs and their counsel, discussing consolidation of the related actions for unified proceedings, and preparing the consolidation and proposed leadership papers. Proposed Interim Co-Lead Class Counsel worked with counsel in each of the related actions to quickly organize the management of these actions to avoid any delay that could be caused by a leadership dispute to address the merits of the case as expeditiously as possible. Proposed Interim Co-Lead Class Counsel's respective law firms have the resources to effectively prosecute this case and are also committed to utilizing those resources to advance the interests of Plaintiffs and the Class. Indeed, Proposed Interim Co-Lead Class Counsel have already devoted significant time and resources to investigating this action, and communicating with Plaintiffs and other putative Class Members. With their knowledge of the facts, claims, and legal issues, Proposed Interim Co-Lead Class Counsel fully understand the investment of time and resources that will be necessary to pursue this action to a successful resolution. Their respective firms have devoted, and will continue to devote, the necessary resources to advance the interests of the Class.

**B. Counsel's Experience and Knowledge.**

Proposed Interim Co-Lead Counsel have proven management and leadership capabilities, excellent and diverse legal skills, and importantly, thorough knowledge of the subject matters and issues critical to this case. Proposed Interim Co-Lead Counsel will work well together (important to a cohesive, effective team), but they are also willing to reach out to and incorporate others to utilize their talents where needed. Most importantly, the Proposed Interim Co-Lead Counsel have unparalleled knowledge and expertise in prosecuting consumer privacy and data breach claims and deep expertise in New York law.

**Israel David of Israel David LLC**

Israel David LLC is a diverse and growing litigation boutique formed in 2022 by Israel David. Immediately prior to forming the firm, Mr. David spent 26 years in the Litigation Department of the elite international law firm Fried, Frank, Harris, Shriver & Jacobson LLP, including 17 years as a prominent partner at that firm. Mr. David has earned a national reputation for successfully leading and co-leading the representation of prominent defendants in some of the most high-profile securities and shareholder class action lawsuits nationwide in the last quarter-century. Among numerous other class action lawsuits, these include:

- Leading the representation of the President of Lehman Brothers in numerous lawsuits nationwide – including the consolidated class action securities litigation in the Southern District of New York – arising out of the collapse of Lehman Brothers, likely the largest corporate financial collapse in U.S. history.
- Co-leading the representation of Wells Fargo & Company, its predecessor Wachovia Corporation, and Wachovia's senior-most officers and directors in the consolidated class action securities litigation in the Southern District of New York arising out of the financial collapse of Wachovia. The lawsuit (with alleged losses of approximately $109 billion) is one of the largest class action securities fraud lawsuits in U.S. history to have obtained a complete dismissal.
- Co-leading the representation of all the underwriters of the General Motors Company 2010 IPO – the then-largest IPO in U.S. history – in a class action securities litigation in the Southern District of New York.
- Co-leading the representation of eight globally leading banks in a class action securities litigation in the Southern District of New York involving the issuance of

approximately $26 billion of Residential Mortgage-Backed Securities.

More recently, federal courts from California to New York have appointed Mr. David to leadership positions in high-profile data privacy and antitrust class action lawsuits, including:

- In January 2023, the Honorable Judge Ann M. Donnelly of the Eastern District of New York appointed Israel David as Interim Co-Lead Class Counsel in the high-profile antitrust class action lawsuit challenging the so-called Northeast Alliance entered into by American Airlines and JetBlue Airlines. *In re American Airlines/JetBlue Antitrust Litigation* (22-cv-07374-AMD-TAM).
- In July 2023, the Honorable Judge Kandis A. Westmore of the Northern District of California appointed Israel David as Interim Co-Lead Class Counsel in a data privacy class action lawsuit involving a data breach that compromised the private data of over 200 million Twitter users. *Gerber v. Twitter, Inc.* (23-cv-00186-KAW).
- In July 2023, the Honorable Judge Katherine Polk Failla of the Southern District of New York appointed Israel David as Interim Lead Class Counsel in a data privacy class action lawsuit involving a data security incident at The Metropolitan Opera in New York City. *Tuteur v. Metropolitan Opera Association, Inc.* (23-cv-03997-GS).
- In March 2024, the Honorable Judge Rebecca R. Pallmeyer of the Northern District of Illinois appointed Israel David to the Plaintiffs' Steering Committee in a data privacy class action lawsuit arising out of allegations that TikTok illicitly spied on users of the TikTok app whilst using the app's in-app web browser. *In re TikTok Consumer Privacy Litigation* (Case No. MDL 2948-A).

- In June 2024, the Honorable Judge Rachel P. Kovner of the Eastern District of New York appointed Israel David as Liaison Counsel in a multidistrict class action lawsuit involving a data breach that compromised private health information of 13 million victims. *In re Perry Johnson & Associates Medical Transcription Data Security Breach Litigation* (Case No. 1:24-md-3096-RPK-LGD).

Other Israel David LLC attorneys add a wealth of experience and diversity to the team, including a former partner at Ropes & Gray LLP, a former Counsel at Ropes & Gray LLP, a former Special Counsel at Weil, Gotshal & Manges LLP, a former Assistant District Attorney with the Manhattan District Attorney's Office, and former judicial clerks with the United States Court of Appeals for the Second Circuit and Sixth Circuit, respectively, among other litigation attorneys. A copy of Mr. David's firm resume is attached hereto as **Exhibit A**.

**Mariya Weekes of Milberg, PLLC**

Mariya Weekes is a partner at the international plaintiffs' class action firm Milberg, PLLC ("Milberg"). Since Milberg's founding in 1965, it has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements.[2]Milberg has been instrumental in obtaining precedent setting decisions at every level, including at the United States Supreme Court.[3] The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of corporate and other large-scale wrongdoing. Milberg is recognized as having one of the most respected data privacy practice groups in the United States, having been ranked by

[2] *See, e.g., In re Tyco International Ltd., Securities Litigation*, MDL 1335 (D.N.H.) (serving as lead counsel and obtaining approval of $3.2 billion settlement); *In re Prudential Insurance Co. Sales Practice Litigation*, No. 95-4704 (D.N.J.) (serving as lead counsel and recovering more than $4 billion for policyholders); *see also* https://milberg.com/outstanding-recoveries/.
[3] *See* https://milberg.com/precedent-setting-decisions/page/3/.

Chambers and Partners as Band 3 for Privacy & Data Security Litigation (2024). Law360 recently highlighted Milberg's work in the privacy space. Milberg has more than 100 attorneys on staff and has offices across the United States and the European Union.

Ms. Weekes is a former Florida State Circuit Court Judge, elected to the bench by her constituents. As a Florida Circuit Court Judge, she presided over thousands of complex cases, hundreds of trials, and motions. In her capacity as a Circuit Court Judge, she served on the Circuit's appellate panels reviewing appeals from the lower trial Courts and administrative agencies. Before ascending to the bench, she practiced as a trial lawyer representing individuals and corporations in complex cases throughout the State of Florida. As a practicing attorney, she has personally tried dozens of jury trials to verdict and has participated in many significant cases. Both as a civil trial lawyer and former prosecutor, she has handled complex cases from their inception through appeal.

After stepping down from the bench, Ms. Weekes joined Milberg's Cybersecurity and Data Privacy Group, which has extensive experience serving as leadership in numerous privacy class actions, including as lead or co-lead counsel in the largest data breaches in the country. *See, e.g.*, *In Re: Hot Topic Data Breach Litigation*, No. 2:24-cv-9215-MEMF-AS (C.D. Cal.) (Ms. Weekes appointed co-lead counsel in a consolidated action involving more than 57 million customers);*In re Meta Android Privacy Litigation.*, No. 3:25-cv-04674-RFL (N.D. Cal.) (Ms. Weekes appointed as Co-Lead Counsel in a consolidated action involving millions of Google's android users); *In Re: LoanCare Data Security Breach Litig.*, No. 3:23-cv-1508-MMH-MCR (M.D. Fla.) (where Ms. Weekes was appointed co-lead counsel in a consolidated action involving more than 1.3 million consumers); *In re SitusAMC Holdings Corporation Data Breach Litigation*, No. 1:25-cv-9748 (S.D. NY) (Ms. Weekes appointed as Co-Lead counsel in a consolidated action involving over 5 million customers); *In Re: Berry, Dunn, McNeil & Parker Data Security Incident Litigation.*, No.

2:24-cv-00146 (D. Maine) (Ms. Weekes was appointed to the executive committee in a consolidated action involving 1.1 million consumers); *Reichbart v. Financial Business and Consumer Solutions, Inc*., No. 24-cv-1876 (E.D. Pa.) (Ms. Weekes was appointed chair of the Plaintiffs' Executive Committee in a consolidated action involving more than 1.9 million consumers); *Morrison et al. v. Family Dollar Stores, LLC, et al*., 0:24-cv-60294-AHS (S.D.Fl.) (Ms. Weekes was appointed as co-lead counsel in a consolidated consumer protection class action involving adulterated medications impacting thousands of consumers across 19 States); *Javid et al. v. Finsatra Technology, Inc.*, No. 6:25-cv-1284-PGB-DCI (M.D. Fla.) (Ms. Weekes appointed Co-Lead Counsel in a consolidated action involving over 800,000 customers); *In Re ConnectonCall.com Data Breach Litigation*, Case No. 2:24-cv-08790-SJB-JMW (E.D NY) (Ms. Weekes appointed Interim Co-Lead Counsel); *Zayatz v. Akumin Operating Corp*., Case No. 0:24-cv-62439-RS (S.D. Fl) (Ms. Weekes appointed Interim Co-Lead Counsel); *Owings v. Medusind, Inc*., 1:25-cv-20117-RAR (S.D. Fl) (Ms. Weekes appointed interim co-lead counsel); *W. v. LivaNova USA, Inc.,* Case No. 4:24-cv-02250 (S.D. Tex.) (Ms. Weekes was appointed Interim Co-Lead Counsel); *In re Coastal Orthopedics & Sports Medicine of Southwest Florida Data Breach Litig.,* Case No. 2024-CA-1078AX (12th Judic. Circ. Ct. of Fla., Manatee Cnty) (Ms. Weekes was appointed Interim Class Counsel); *Lomedico v. MarineMax, Inc.*, Case No. 8:24-cv-1784-MSS-AEP (M.D. Fla.) (appointed joint Interim Class Counsel); *In re TRC Staffing Services, Inc. Data Breach Litig.*, Case No. 1:24-cv-02398-VMC (N.D. Ga.) (Ms. Weekes was appointed co-lead counsel); *Lepore et al v. Affiliated Dermatologists & Dermatologic Surgeons, P.A.*, Case No. MRS-L-001091-24 (Ms. Weekes was appointed Interim Class Counsel); *Owens et al v. MGM Resorts International, et al.,* Case No. 2:23-cv-01480-RFB-MDC (D. Nev.) (Ms. Weekes was appointed to Plaintiffs' Steering Committee); *Mckinley v, Doxim, Inc*. Case No. 2:24-cv-11550-

TGB-CI (E.D. Mich.) (Ms. Weekes was appointed co-lead counsel); *Cucuta v. FloridaCentral Credit Union,* Case No. 24-CA-006065 (Hillsborough County, Fl.) (Ms. Weekes was appointed co-lead counsel).; *In re: MoveIt Customer Data Security Breach Litigation*, 1:23-md-03083 (D. Mass.) (where Milberg was appointed to the leadership committee in multi-district litigation involving a data breach that impacted more than 95 million consumers).[4] Milberg's Cybersecurity and Data Privacy Group is largely responsible for developing the favorable case law that many plaintiffs rely on in the data breach space. *See e.g., Webb v. Injured Workers Pharmacy, LLC*, 72 F.4th 365 (1st Cir. 2023) (Milberg attorneys obtained a decision from the First Circuit reversing the dismissal with prejudice of a data breach case and finding Article III standing); *In re Arthur J. Gallagher Data Breach Litig*., 631 F. Supp. 3d 573, 586 (N.D. Ill. 2022) (Milberg attorneys largely defeated a motion to dismiss in a data breach case involving 3 million consumers); *In re Blackbaud, Inc., Customer Data Breach Litig*., No. 3:20-MN-02972-JMC, 2021 WL 2718439, at *1 (D.S.C. July 1, 2021) (Milberg attorneys defeated a standing challenge in a 10 million person data breach case).

Ms. Weekes has worked productively with Proposed Interim Co-Lead Class Counsel in many other cases. She is confident that this proposed leadership structure will result in an excellent recovery for all clients and Class members. A copy of Ms. Weekes' resume, which includes additional information about Ms. Weekes and her firm, is attached hereto as **Exhibit B**.

[4] *See, also Morrill v. Lakeview Loan Servicing, LLC*, Case No. 1:22-cv-20955-DPG (S.D. Fla.) (where Milberg is appointed to the leadership committee in a data breach class action involving 6 million consumers); *Sherwood v. Horizon Actuarial Services, LLC*, Case No. 1:22-cv-01495-ELR (N.D. Ga.) (where Milberg is court-appointed co-lead counsel in a data breach class action involving 4 million consumers).

**Courtney Maccarone of Kopelowitz Ostrow P.A.**

Courtney Maccarone is a partner of Kopelowitz Ostrow P.A. ("KO") where she focuses her practice on consumer class action litigation. Ms. Maccarone has dedicated the entirety of her legal career to representing consumers. With more than 13 years of experience, she has focused her practice on prosecuting consumer class actions and has a significant amount of experience litigating class actions involving data breaches and other privacy-related cases, most recently in: *In re: MOVEit Customer Data Security Breach Litigation*, Case No. 1:23-md-03083 (D. Mass) (member of settlement committee in multi-track data breach MDL comprised of voluminous defendants and actions); *In re SAV-RX Data Breach Litigation*, Case No. 8:24-cv-204 (D. Neb.) (appointed Interim Co-Lead Class Counsel); *In re: The Business Council Of New York State, Inc., Data Breach Litigation*, Index No. 908769-25 (Albany Cnty, N.Y.) (appointed Interim Co-Lead Class Counsel); *Martinelli et al. v. International Game Technology, et al.*, Case No. 2:25-cv-01917 (D. Nev.) (appointed Interim-Co-Lead Class Counsel); *In re Tycon Medical Systems, Inc., Data Security Breach Litigation*, Case No. 2:25-cv-19 (E.D. Va.) (appointed Interim Co-Lead Class Counsel); *Corralejo v. Baymark Health Services, Inc.*, Case No. 4:25-cv-174 (E.D. Tex.) (appointed Interim Class Counsel); *Stoudemire et al v. Lee Enterprises, Inc.*, Case No. 22-CV-00086 (S.D. Iowa) (counsel in class action resulting in $9.5 million settlement); *Kholyusev et al. v. Welfare & Pension Administration Service, Inc*. Case No. 22-2-04152 (Wash. Sup. Ct.) (co-lead counsel in data breach class action and secured a settlement valued up to $1,750,000).

Beyond her personal expertise, Ms. Maccarone brings the extensive experience of her firm. KO is one of the leading class action law firms in the United States. KO is a well-established and successful firm that has handled class actions in state and Federal courts throughout the country. KO will provide the resources and personnel necessary to pursue a case of this magnitude, a fact they have demonstrated in previous data breach class actions.

For example, KO is counsel of record in approximately 300 pending data breach cases, including some of the largest in the country. KO is Lead Counsel in MDL-3090, *In re Fortra File Transfer Software Data Sec. Breach Litig.*, No. 24-md-3090 (S.D. Fla.), which involves 10 defendants and 6 million people, and settled for $27 million. Additional examples of data breach cases in which KO serves as Lead Counsel include: *In Re: AT&T Inc. Customer Data Sec. Breach Litig.*, 3:24-cv-00757 (N.D. Tex.), which settled for $177 million; *McNally, et al. v. Infosys McAmish Sys., LLC*, 1:24-cv-00995 (N.D. Ga.), which settled for $17.5 million; *Owens v. MGM Resorts Int'l*, 2:23-cv-01480-RFB-MDC (D. Nev.), which settled for $45 million; *Harrell v. WebTPA Employer Servs. LLC*, No. 3:24-cv-01160 (N.D. Tex.), which settled for $13.75 million; *In re Berry, Dunn, McNeil & Parker Data Sec. Incident Litig.* (D. Me.), which settled for $7.25 million; *Mclean v. Signature Performance, Inc.*, No. 8:24-cv-230 (D. Neb.), which settled for $8.5 million; *Crowe v. Managed Care of N. Am., Inc.*, No. 23-cv-61065 (S.D. Fla.), affecting 8.9 million individuals; *Stallone v. Fin. Bus. & Consumer Sols., Inc.*, No. 2:24-cv-01876 (E.D. Pa.), affecting almost two million individuals; *In re HealthEquity, Inc. Data Sec. Incident Litig.*, No. 2:24-cv-528 (D. Utah), affecting 4.3 million patients; *Butler v. Acadian Ambulance Serv., Inc.*, No. 6:24-cv-01011 (W.D. La.), affecting 3 million patients; and *In re DISA Global Data Breach Litig.*, No. 4:25-cv-00821 (S.D. Tex.), affecting 3.3 million individuals. Moreover, KO has court-appointed positions in MDLs including *In In re: Evolve Bank & Trust Customer Data Breach Litig.*, MDL No. 3127 (W.D. Tenn.), which settled for $17.0 million, as well as *In re: Snowflake, Inc., Data Breach Litig.*, MDL No. 3126 (D. Mont.); *In re: Consumer Vehicle Driving Data Tracking Collection*, MDL No. 3115 (N.D. Ga.); *In re Change Healthcare, Inc. Data Breach Litig.,* MDL No. 3108 (D. Minn.); and *In re: PowerSchool Holdings, Inc. Customer Data Sec. Breach Litig.*, MDL No. 3149 (S.D. Cal.).

Ms. Maccarone has worked productively with Proposed Interim Lead Counsel in many other cases and she is confident that this proposed leadership structure will result in an excellent recovery for all Class Members. A copy of Ms. Maccarone's resume, which includes additional information about Ms. Maccarone and her firm, is attached hereto as **Exhibit C**.

## CONCLUSION

The Court should consolidate these cases under the first filed *Goehst* action. In light of the extensive experience of Proposed Interim Co-Lead Counsel in prosecuting class actions and the resources they can and will devote to the effective litigation of this case on behalf of the class, the Court should appoint Mr. David, Ms. Weekes, and Ms. Maccarone as Interim Co-Lead Class Counsel of the proposed consolidated action. The Court should also allow for the filing of a CAC 30 days after the order consolidating the actions and appointing Interim Co-Lead Class Counsel. A proposed order is attached hereto.

Dated: June 4, 2026

Respectfully Submitted,

*/s/ Adam M. Harris*
Adam M. Harris
adam.harris@davidllc.com
Israel David
israel.david@davidllc.com
**ISRAEL DAVID LLC**
60 Broad Street, Suite 2900
New York, New York 10004
Telephone: (212) 350-8850
Facsimile: (212) 350-8860

Mark A. Cianci (*pro hac vice* forthcoming)
mark.cianci@davidllc.com
**ISRAEL DAVID LLC**
399 Boylston Street, Floor 6, Suite 23
Boston, MA 02116
Telephone: (617) 295-7771
Facsimile: (212) 350-8860

Mark K. Svensson
**MILBERG, PLLC**
405 East 50th Street
New York, New York 10022
Tel.: (202) 975-0468
msvensson@milberg.com

Mariya Weekes (*pro hac vice* forthcoming)
**MILBERG, PLLC**
333 SE 2nd Avenue, Suite 2000
Miami, FL 33131
Tel: (866) 252-0878
mweekes@milberg.com

Courtney Maccarone (NY Bar No. 5030150)
**KOPELOWITZ OSTROW P.A.**
1 W Las Olas Blvd, Suite 500
Ft. Lauderdale, FL 33301
Tel: (954) 525-4100
maccarone@kolawyers.com

Leanna A. Loginov (NY Bar No. 5894753)
**SHAMIS & GENTILE, P.A.**
14 NE 1st Ave, Suite 705
Miami, FL 33132 Tel :
(305) 479-2299
lloginov@shamisgentile.com

*Attorneys for Plaintiffs and the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2026, a true and correct copy of the foregoing was filed via the Court's electronic filing system, which served electronic notice of the same on all counsel of record.

*/s/ Adam M. Harris*